NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY S. LEWIS,<br><br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Civil Action No. 18-1064 (SDW)<br><br>**OPINION**<br><br>March 18, 2019 |

**WIGENTON,** District Judge.

  Before the Court is Plaintiff Gary S. Lewis' ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"), with respect to Administrative Law Judge Sharon Allard's ("ALJ Allard") denial of Plaintiff's claim for a period of disability, disability insurance, and supplemental security income ("SSI") benefits under the Social Security Act (the "Act"). This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper under 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court finds that ALJ Allard's factual findings are supported by substantial evidence and that her legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

1

# I. PROCEDURAL AND FACTUAL HISTORY

## A. Procedural History

On or about January 22, 2014, Plaintiff applied for disability insurance and SSI benefits based on his hypertension, heart condition, anxiety, depression, and arthritis. (R. 258.) Plaintiff's claims were first denied on June 3, 2014 and again on reconsideration on July 24, 2014. (R. 113-65.) Plaintiff appealed, and ALJ Allard conducted a hearing on April 26, 2016. (R. 73-110.) ALJ Allard denied Plaintiff's applications on August 30, 2016. (R. 46-64.) On November 10, 2016, Plaintiff requested that the Appeals Council review ALJ Allard's decision. (R. 235-36.) The Appeals Council denied the request for review on November 24, 2017, making the ALJ's decision the Commissioner's final decision. (R. 1-6.) Plaintiff now requests that this Court reverse the Commissioner's decision or remand for a new hearing. (Compl. 2, ECF No. 1.)

## B. Factual History

Plaintiff initially alleged that he was disabled as of October 30, 2012. (R. 258.) However, at his hearing, Plaintiff amended the date of onset to May 28, 2014 because he had engaged in substantial gainful employment ("SGA"). (R. 79-80.) The Administrative Record reflects that Plaintiff met with numerous doctors to treat the medical issues that are now associated with his claim. The following is a summary of the evidence.

Treatment records from WellStar Cardiovascular Medicine indicate that Plaintiff had a history of hypertension, dyslipidemia, and valvular heart disease. (R. 301-07.) In January 2012, Plaintiff reported that he had daily palpitations with occasional chest discomfort. (R. 301.) To track these palpitations, Plaintiff wore an event monitor for an extended period of time, which recorded a five-second pause at one point. (*Id.*) However, Plaintiff was asymptomatic and the

monitor did not record any other irregularities. (*Id.*) After examining Plaintiff, Namendra Kanuru, M.D. noted that Plaintiff's cardiovascular issues were stable and recommended a study to diagnose sleep apnea if the pauses continued. (R. 303.) In November 2015, Plaintiff saw Luis Espina, M.D. for episodes of chest pains, but an electrocardiograph showed a normal sinus rhythm and rate. (R. 343-46.)

Plaintiff also received ongoing treatment for knee, back, and leg pain. An x-ray taken in March 2015 showed moderate-to-advanced osteoarthritis, and Plaintiff received treatment for swelling and pain in his right knee. (R. 355.) During an examination with Kledia Blloshmi, M.D. in October 2015, Plaintiff reported that he had gone to the emergency room for knee pain and was prescribed Percocet and Naproxen. (R. 347-51.) During this examination, Plaintiff also complained of lower back pain that radiated down his left leg. (R. 348.) Plaintiff described worsening leg pain on December 15, 2015, and received a medication refill and a pain-relieving knee injection. (R. 341.) Despite this treatment, Matthew Rescinti, D.O. found that Plaintiff had normal flexion and extension in both knees. (*Id.*) On March 26, 2016, Plaintiff visited Mahmood Cheema, M.D. ("Dr. Cheema") who noted that Plaintiff used a cane to ambulate. (R. 487-89.) Dr. Cheema confirmed a diagnosis of arthritis and gave Plaintiff another knee injection. (*Id.*)

Plaintiff also alleges disability for his depression. Joseph DiLallo, M.D. ("Dr. DiLallo") conducted a consultative examination on September 19, 2013 and noted that, despite slightly decreased concentration and only a fair ability to adapt to a changing environment, Plaintiff had a good attention span and moderately-good memory, and demonstrated an ability to perform everyday tasks such as bathing and taking medicine. (R. 308-11.) However, Dr. DiLallo also noted Plaintiff's mild anxiety and moderate depression due to his physical limitations and inability to work; psychological counseling and prescriptions were recommended. (R. 311.)

### C. Hearing Testimony

At the administrative hearing, ALJ Allard heard testimony from Plaintiff and Vocational Expert Jackie Wilson ("VE Wilson"). (R. 73-110.) Plaintiff testified that he last did maintenance work but stopped when it became too strenuous. (R. 89-90.) Plaintiff also testified about his pain relating to his arthritis and sciatica, and described the difficulty he has getting dressed, bathing, and sleeping. (R. 93-94.) ALJ Allard inquired about Plaintiff's depression, and Plaintiff revealed that he had seen a counselor twice who diagnosed him with depression, but that he did not feel comfortable with the drugs she had prescribed and stopped seeing her. (R. 97-98)

During the hearing, VE Wilson explained that Plaintiff's prior work as a janitor has a medium exertional level. (R. 106.) The ALJ posed questions to VE Wilson regarding a hypothetical individual who is able to: stand for two hours and sit for six hours in an eight-hour day; lift up to ten pounds occasionally and less than ten pounds frequently; and climb ramps or stairs, balance, stoop, and operate right foot controls occasionally. (*Id.*) The individual cannot kneel, crouch, crawl, climb ladders, ropes or scaffolds, or work around hazards. (*Id.*) Additionally, he cannot be exposed to concentrated temperature extremes, wetness, humidity, fumes, odors, dust, gases or poor ventilation. (R. 106-07.) He can understand and execute simple and routine tasks at a non-assembly line pace; frequently respond appropriately to supervisors' instructions; and have occasional contact with coworkers and supervisors, and must avoid even incidental contact with the public. (R. 107.) He can work around coworkers, but not on tasks requiring teamwork or working in tandem; and he can make simple decisions and adapt to occasional changes in essential work tasks. (*Id.*) This hypothetical individual would also be off task ten percent of the day due to his impairments. (*Id.*) According to VE Wilson, such an individual would be unable to perform Plaintiff's prior work. (*Id.*) However, VE Wilson also

testified that such an individual would be able to perform other jobs in the national economy, such as addresser, document preparer, and final assembler. (R. 107-08.)

## II. LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). Thus, substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (internal quotation marks omitted) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is

required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence [she] accepts and which [she] rejects, and the reasons for that determination." *Cruz*, 244 F. App'x at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984) (citations omitted).

**B. The Five-Step Disability Test**

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show

6

the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . . " 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in SGA. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the

claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, at step five the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

On August 30, 2016, ALJ Allard issued a decision concluding that Plaintiff was not disabled from October 30, 2012 through the date of the ALJ's decision. (R. 49-64.) At step one, the ALJ found that Plaintiff had not engaged in SGA since May 28, 2014, the amended alleged onset of disability. (R. 51.) At step two, the ALJ found that Plaintiff suffered from dysfunction of major joints, obesity, affective disorders, substance addiction disorders, essential hypertension, asthma, and disorders of the back, all of which she classified as severe impairments. (*Id.*) At step three, however, the ALJ concluded that Plaintiff's impairments do not meet or medically equal the severity of the listings for these respective impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (R. 52-55.)

Before undergoing the analysis in step four, ALJ Allard determined Plaintiff's RFC and concluded that he could perform light work with certain restrictions.[1] (R. 55-56.) The ALJ

---
[1] The restrictions are detailed as follows:
> [T]he claimant can occasionally climb ramps and stairs, balance, stoop, and occasionally operate right foot controls. The claimant cannot kneel, crouch, climb ladders, ropes or scaffolds or work around hazards, including moving mechanical parts or at unprotected heights. The claimant cannot have concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases and poor ventilation. He can understand and execute simple, routine tasks at a non assembly line pace; he can frequently respond appropriately to supervisor's instructions; have occasional contact with coworkers and supervisors; he must avoid even incidental contact with the public but can work around co-workers but not on tasks requiring teamwork or working in

9

discussed testimony from the hearing and referenced a nearly exhaustive list of medical records to conclude that, while Plaintiff's medical impairments could be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical evidence. (R. 57.) In light of Plaintiff's RFC, at step four, ALJ Allard found that Plaintiff was unable to perform his past relevant work as a maintenance work janitor. (R. 62-63.) At step five of the analysis, ALJ Allard found that Plaintiff was not disabled because he could perform jobs that exist in significant numbers in the national economy. (*Id.*) In making this determination, ALJ Allard relied on VE Wilson's testimony that Plaintiff could perform the jobs of addresser, document preparer, and final assembler. (R. 63.)

On appeal, Plaintiff argues that ALJ Allard did not properly evaluate Plaintiff's impairments or obesity, and that the ALJ's RFC determination is not supported by substantial evidence. (Pl.'s Br. 20-35, ECF No. 12.) This Court considers the arguments in turn and finds them each without merit.

Despite Plaintiff's arguments to the contrary, the record reflects that ALJ Allard considered Plaintiff's impairments, both alone and in combination. (R. 52-55.) In particular, the ALJ evaluated Plaintiff's obesity "in the context of the overall record evidence[.]" (R. 53); *see also Gainey v. Astrue*, No. 10-1912, 2011 WL 1560865, at *12 (D.N.J. Apr. 25, 2011) ("[W]here the ALJ has indicated that the impairments have been considered in combination, there is 'no reason not to believe' that the ALJ did so." (quoting *Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3d Cir. 2008)). Furthermore, Plaintiff has not set forth any evidence to suggest

---

tandem. The claimant can make simple decisions and adapt to occasional changes in essential work tasks and will be off task 10% of the workday due to the impairments.
(R. 55-56.)

that his obesity limited him beyond the ALJ's findings.[2] The ALJ cannot be faulted for ignoring medical evidence that simply does not exist in the record. *See Rutherford v. Barnhart*, 339 F.3d 546, 553 (3d Cir. 2005) (concluding that remand was not required because the plaintiff did not specify how obesity would affect the ALJ's analysis). Therefore, Plaintiff's obesity was properly considered.

Additionally, ALJ Allard found that "[t]he severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal" the criteria of the listed impairments. (R. 53.) Plaintiff takes issue with the ALJ's findings of "moderate" as opposed to "marked" restrictions to his activities of daily living, social functioning, as well as his concentration, persistence or pace. (Pl.'s Br. 27-28.) However, other than references to his own testimony, (Pl.'s Br. 28), Plaintiff has not cited to any objective medical opinions in the record to support the contention that he has mental limitations that are more than moderate. In contrast, the ALJ discussed Plaintiff's mental evaluations in great detail. (R. 53-55, 59-62.) She explained that she was according significant weight to the opinions of the state agency physicians, which also reflected that Plaintiff's restrictions were moderate and that he had no repeated episodes of decompensation of extended duration. (R. 61-62, 119, 137-39, 148-49.) Therefore, ALJ Allard's assessment of Plaintiff's mental limitations is supported by substantial credible evidence.

Plaintiff also takes issue with the ALJ's determination that Plaintiff has the RFC to perform light work given that VE Wilson was only asked about a hypothetical individual who could perform sedentary work. This Court finds that the discrepancy is harmless because VE Wilson ultimately testified that an individual with Plaintiff's limitations, who is capable of sedentary work, would be able to perform jobs that exist in the national economy. *See* 20 C.F.R.

---

[2] This Court also notes that Plaintiff did not allege obesity in his initial application or on reconsideration. (R. 113, 143.)

§§ 404.1567(b), 416.967(b) ("If someone can do light work, we determine that he or she can also do sedentary work[.]"). Plaintiff has not pointed to anything in the record during the relevant time period to suggest that remanding to change his RFC to "sedentary" would lead to a different outcome.[3] Additionally, Plaintiff has not offered any medical evidence to suggest that he must be off task more than ten percent of a workday. (Pl.'s Br. 34-35.) Based on the foregoing, remand or reversal is neither necessary nor appropriate.

## IV.     CONCLUSION

This Court finds that ALJ Allard's factual findings were supported by substantial credible evidence in the record and her legal determinations were correct. Therefore, the Commissioner's determination is **AFFIRMED**. An appropriate order follows.

                                             s/ *Susan D. Wigenton*
                                             **SUSAN D. WIGENTON**
                                             **UNITED STATES DISTRICT JUDGE**

Orig:   Clerk
cc:     Parties

---

[3] Plaintiff argues in a footnote that this case should be remanded because the Appeals Council did not consider additional evidence (*i.e.*, x-rays and MRIs) that postdated ALJ Allard's decision. (Pl.'s Br. 32-33.) However, the Appeals Council properly rejected this evidence as immaterial because it did not relate to the relevant time period. *See Anderson v. Colvin*, No. 15-1301, 2017 WL 1163338, at *1 n.1 (W.D. Pa. Mar. 29, 2017) ("[M]any of these exhibits are from after the date the ALJ issued her decision and are therefore not material, since they do not relate to the relevant time period.").